IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| MARTIN BOLAND | § | |
| VS. | § | CIVIL ACTION NO.  5:15-CV-178 |
| WARDEN, FCI TEXARKANA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Martin Boland, a prisoner confined at the Federal Correctional Institution in Texarkana, Texas, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Petitioner is in custody pursuant to a judgment entered in the United States District Court for the Northern District of Texas.  On February 9, 2007, petitioner was sentenced to 168 months of imprisonment for conspiring to distribute and possess with intent to distribute methamphetamine. The sentence was ordered to run concurrently with petitioner's previously-imposed state sentences On August 19, 2015, petitioner's federal sentence was reduced to 135 months of imprisonment.

The Petition

Petitioner contends that the sentencing court should have adjusted his sentence under § 5G1.3(c) of the United States Sentencing Guidelines to grant credit toward his federal sentence for time spent in custody, which had been credited to another, related sentence.

Analysis

Petitioner filed this petition for habeas corpus pursuant to Title 28 U.S.C. § 2241. But petitioner is not challenging the manner in which his sentence is being executed. Instead, he attacks the legality of his sentence, arguing that the sentencing court failed to apply a guideline provision to reduce petitioner's federal sentence. Title 28 U.S.C. § 2255 provides the primary means of collaterally attacking a federal conviction and sentence. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Section 2241 is correctly used to attack the manner in which a sentence is executed. *Id*. A petition for writ of habeas corpus is not a substitute for a motion to vacate sentence pursuant to § 2255. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

A prisoner may use § 2241 as the vehicle for attacking the conviction only if it appears that the remedy by motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. Petitioner bears the burden of proving the inadequacy or ineffectiveness of a motion under § 2255. *Jeffers*, 253 F.3d at 830. A prior unsuccessful § 2255 motion, or the inability to meet the AEDPA's requirements, does not make § 2255 inadequate or ineffective. *Tolliver*, 211 F.3d at 878.

The Fifth Circuit has set forth two requirements petitioner must satisfy to file a § 2241 petition in connection with the savings clause of § 2255. In *Reyes-Requena v. United States*, the Fifth Circuit held that the savings clause of § 2255 applies to a claim that: (i) is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). To meet the first, or actual innocence, prong of

this test, petitioner must prove that, based on a retroactively applicable Supreme Court decision, he was convicted for conduct that did not constitute a crime. *Jeffers,* 253 F.3d at 830-31.

Petitioner's claims do not meet the *Reyes-Requena* standard because he challenges the validity of his sentence, not his conviction. *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000). Petitioner does not allege he was convicted for conduct that did not constitute a crime, or that his claim was foreclosed at the time of sentencing. Therefore, this petition for writ of habeas corpus should be dismissed.

### Recommendation

This petition for writ of habeas corpus should be dismissed.

### Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this 17th day of November, 2015.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE