IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| MARTIN BOLAND | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 5:15-CV-178 |
| WARDEN, FCI TEXARKANA | § | |

## MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Martin Boland, a prisoner confined at the Federal Correctional Satellite Camp in Texarkana, Texas, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The Court referred this matter to the Honorable Caroline Craven, United States Magistrate Judge, at Texarkana, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends dismissing the petition for writ of habeas corpus.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. The petitioner filed objections to the Report and Recommendation of United States Magistrate Judge.

The Court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the Court concludes the objections are without merit.

The petitioner contends the sentencing court should have reduced his sentence by 273 days under § 5G1.3(c) of the United States Sentencing Guidelines to grant credit toward his federal

sentence for time credited to a related sentence imposed by a state court. This claim does not challenge the manner in which the petitioner's sentence is being executed. Rather, it is an attack on the legality of his sentence, based on the sentencing court's alleged failure to apply a guideline provision to reduce the petitioner's federal sentence. A claim challenging the legality of a sentence generally must be brought under 28 U.S.C. § 2255, not § 2241. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000).

This Court is bound by circuit precedent that holds the savings clause of § 2255, which in some instances allows a petitioner to proceed under § 2241, "applies to a claim: (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001). As the Magistrate Judge concluded, the petitioner failed to meet either prong of the *Reyes-Requena* test. The petitioner's claim does not demonstrate that he was convicted of "a nonexistent offense" as required by the actual innocence prong of *Reyes-Requena*. Additionally, the petitioner's ground for review is not based on a retroactively applicable Supreme Court decision, and it was not foreclosed at the time of trial. Therefore, the petitioner may not pursue his claim concerning his sentence under § 2241.

In his objections, the petitioner argues for the first time that the Bureau of Prisons should give him credit for time he spent in state custody before his federal sentence was imposed. "[A] federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served." *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980). Under certain circumstances, a defendant convicted of a federal crime is entitled to credit for time spent in

2

official detention prior to the date the sentence begins. 18 U.S.C. § 3585. However, the statute authorizes credit only for time that has not been credited toward another sentence. *United States v. Wilson*, 503 U.S. 329, 334 (1992). Because the prior custody time was credited toward the petitioner's state sentences, he is not entitled to have the time credited toward his federal sentence. *See United States v. Dovalina*, 711 F.2d 737, 740 (5th Cir. 1983).

### **ORDER**

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the Report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendation.

**So ORDERED and SIGNED this 17th day of June, 2016.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE